IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02CV192-1-MU

| | |
|---|---|
| KELLY WILSON WORTHEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| MICHAEL YORK, supt., ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed May 24, 2002.

For the reasons stated herein, and for the further reasons set forth in the Respondent's Motion for Summary Judgment, the Respondent's Motion for Summary Judgment is granted and the Petitioner's Petition for Writ of Habeas Corpus is dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 21, 1998, after a trial by jury, Petitioner was convicted in the Superior Court of Mecklenburg County on two counts of first degree rape and three counts of taking indecent liberties with a minor. Petitioner was sentenced to life plus nine years imprisonment. Petitioner appealed his sentence and conviction to the North Carolina Court of Appeals. On May 16, 2000, Petitioner's appeal was denied. On December 28, 2000, the North Carolina Supreme Court denied Petitioner's petition for discretionary review.

On January 18, 2002, Petitioner filed a Motion for Appropriate Relief (MAR) with the

Mecklenburg Superior Court. On January 17, 2002, the Superior Court summarily dismissed Petitioner's MAR. On April 25, 2002, the North Carolina Court of Appeals denied Petitioner's certiorari petition.

On May 9, 2002, Petitioner filed the instant federal habeas petition. In his federal habeas petition, Petitioner asserts that: 1) his conviction was obtained in violation of due process of law because the trial court erred in overruling his objections to the testimony of certain witnesses; 2) his conviction was obtained in violation of due process of law because the trial court erred in excluding evidence that the complainant made a false allegation against another person; 3) his conviction was obtained in violation of due process of law because the trial court erred in denying Petitioner's motion to continue; and 4) his conviction was obtained in violation of due process of law because the trial court erred in denying Petitioner's motion to dismiss because there was no physical evidence of any crime.

## ANALYSIS

I. **Standard of Review for Habeas Petitions**

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an

independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[1] a federal court reviews the claim questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 527 U.S. 1060 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.23d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

## II. OBJECTION TO TESTIMONY

Petitioner alleges that the trial court erred in overruling his objection to the unfounded opinion testimony of witnesses Rogers and Vaughn. More specifically, Petitioner alleges that their testimony was based on speculation, unreliable data, and incomplete and inaccurate information.

Petitioner raised this claim on direct appeal[2] where it was denied by the North Carolina

---

[2] When the last state court to be presented with the relevant claim summarily disposed of the claim, the "look-through" doctrine applies. This doctrine establishes that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." See Y1st v. Nunnemaker, 501 U.S. 797, 803 (1991); accord Skipper v. French, 130 F.3d 603, 609 ( 4th Cir.

4

Court of Appeals. In denying this claim on appeal, the state court held that:

> At trial, the State offered Dr. Rogers as an expert in the field of pediatric medicine, which the trial court (without objection by the defendant) accepted as such. Having examined the victim on 8 April 1994, Dr. Rogers testified that the victim's "genital exam and the exam of her anus . . . was [sic] normal," and that there was no evidence of ripping or tearing anywhere on the victim's body. However, over defendant's objection, the trial court allowed Dr. Rogers to testify as to whether "the fact that no injuries were found, [was] consistent or inconsistent with the history . . . that [the victim] gave." The trial court further allowed, over defendant's objection, Dr. Rogers to testify as to the "Adams scale" and how it provides sufficient detail for concluding whether or not it was probable that the victim had been abused.
>
> Dr. Rogers explained that although
>
>> many of the acts that [the victim] described would leave their physical evidence on a child[,] . . . we [Dr. Rogers and her staff] were seeing [the victim] some months into her stay in foster care. So to our knowledge at the time she would have been separated from the perpetrator for quite a while, and any injuries, acute injuries, wold have healed.
>>
>> . . .
>>
>> Having a normal exam does not disprove whether a child has been abused or not. The majority of children have no physical findings.
>>
>> . . .
>>
>> Her overall assessment was one of probable sexual abuse because the statement of the alleged abuse was very specific, it was very spontaneous when she was asked. And even though her physical exam was normal and there was [sic] no present signs of any sores or trauma, we felt she was probably sexually abused.
>>
>> . . .

---

1997).

> - we would consider that and to give it an overall
> assessment of probable given the normal exam, but it
> would not be definite.

Defendant concedes that:

> (a) If scientific, technical or other specialized knowledge
> will assist the trier of fact to understand the evidence or to
> determine a fact in issue, a witness qualified as an expert by
> knowledge, skill, experience, training, or education, may
> testify thereto in the form of an opinion.

N.C . Gen. Stat. § 8C-1, Rule 702(a)(1999). However, defendant argues that because Dr. Rogers' testimony substantively "bolstered [the victim's] credibility," it was error for the trial court to allow it. Based on the record, we find no evidence support defendant's contention.

It has long been established by our Supreme Court that "profile evidence" presented through expert testimony

> is admissible to assist the jury in understanding the
> behavior patterns of sexually abused children.
> Furthermore, . . . evidence that a particular child's
> symptoms were consistent with those of sexual or physical
> abuse victims [is also allowable], but only to aid the jury in
> assessing the complainant's credibility.

State v. Hall, 330 N.C. 808, 817, 412 S.E. 2d 883, 887 (1992)(citations omitted).

In Hall, the clinical social worker who testified to that victim's fitting the profile was not tendered by the State as an expert, nor was she implicitly qualified by the court as an expert. Therefore, although the substance of her testimony would have been permissible, she did not qualify as someone having a "scientific, technical or other specialized knowledge" which could assist the jury. N. C. Gen. Stat. §8C-1, Rule 702(a). Therefore, neither the "nature of [her] job[] [nor] the experience which [she] possessed made [her] better qualified than the jury to form an opinion as to the characteristics of abused children." State v. Aguallo, 322 N.C. 818, 821, 370 S.E. 2d 676, 677 (1988).

However, that is not so in the case at bar. Here, Dr. Rogers was

> tendered by the State as an expert in pediatric medicine. The court explicitly accepted her as such and defendant did not object; and although Dr. Rogers testified as to the victim's "probable sexual abuse," she never testified that the victim was abused <u>by the defendant</u> which, in fact, would have been error. <u>State v. Figured</u>, 116 N.C. App. 1, 446 S.E. 2d 838 (1994). Furthermore, we note that the trial court limited the purpose for which the jury could consider Dr. Roger's testimony to corroboration only, thus, we find no error in the trial court's admittance of her testimony.
>
> Our holding as to Dr. Rogers' testimony also reduces defendant's argument regarding Vaughn's testimony to naught. Vaughn was received by the court as an expert in the investigation and evaluation of child sexual abuse; however, she had no independent memory of her interview with the victim and had to testify solely from her notes of that interview. Defendant's one contention regarding Vaughn is that the trial court erred by allowing her to testify that "there is a professionally recognized set of psychological symptoms . . . associated with sexual abuse . . . one [being] that the abused child will deny having been abused." As our Supreme Court's opinion exemplifies in <u>Hall</u>, <u>supra</u>, North Carolina case law has long accepted that there are some "behavior patterns of sexually abused children" with which new victims may or may not be consistent. <u>Hall</u>, 330 N.C. at 817, 412 S.E. 2d at 887. Nevertheless, a comparison of the victim's behavior with the patterns is allowable for the purpose of corroboration. <u>Id.</u> Accordingly, the trial court in the case at bar properly instructed the jury that Vaughn's expert testimony was to be considered <u>only</u> for that purpose. Therefore, we again find no error in the court's ruling.

It is not "the province of a federal habeas court to reexamine state court determinations on state-law questions." See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991). Rather, a federal habeas court is "limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." <u>Id.</u> The admission or exclusion of evidence at a state trial is typically a matter of state law and therefore it is not cognizable on federal habeas review unless it violates a specific constitutional provision or is so egregiously wrong as to violate due process. <u>Id.</u>; see <u>Thomas v. Davis</u>, 192 F.3d 445, 449, n.1 (4th Cir. 1999)(generally claims arising from state law

are not cognizable on federal habeas review).  Because this Court does not find that the admission of the testimony at issue was so egregiously wrong so as to violate due process, this claim is not cognizable on federal habeas review.

Moreover, to the extent Petitioner's exclusion of evidence claim is construed as a federal claim, it still must fail.  Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).  Petitioner, however, does not identify, and this Court cannot find, any Supreme Court precedent that is contrary to the state court's ruling.  Likewise, Petitioner does not assert, and this Court does not find, that the state court ruling was based on an unreasonable determination of facts, in light of the evidence presented in state court proceedings.

### III.  FALSE PRIOR ACCUSATIONS

In his federal habeas petition Petitioner asserts that the trial court violated his constitutional rights when it excluded evidence that the victim had made prior false accusations against other men.

#### A. Willie Robinson

Petitioner raised this claim with regard to Willie Robinson on direct appeal where it was denied by the North Carolina Court of Appeals.  In denying this claim on appeal, the state court held that:

> The uncontroverted evidence presented at trial is that when the

> victim spoke with Cole, she not only described defendant's sexual abuse of her, but she also stated that Mr. Willie had once sat her on his lap and fondled her breasts when no one was looking. Before trial , the prosecutor stated "this Mr. Willie incident was a one-time situation, and it was merely fondling her; he touched her breasts underneath her shirt." After Cole testified on direct examination as to what the victim told him, the State objected to (and the court sustained) defendant's attempt to question Cole on cross-examination as to whether any criminal charges were ever filed against Mr. Willie. Thus, defendant argues that the court committed reversible error by not allowing the questioning when it would have proven "that [the victim's] accusation against [Mr. Willie] was false. [Defendant further argues that] [t]estimony that the complainant has made false accusations of sexual misconduct against others is both admissible and relevant."
>
> Case law is clear that where a victim has made false accusations against a person other than the defendant, that evidence is both relevant and admissible. State v. Anthony, 89 N.C. App. 93, 365 S.E. 2d 195 (1988). Therefore, we agree that had the victim's accusation against Mr. Willie been false, it would have been admissible and relevant for impeachment purposes. Id. However, the problem with defendant's argument at bar is that there is no evidence whatsoever in the record to infer that the victim's accusation against Mr. Willie is in fact false. We agree with defendant that Anthony, is dispositive; however, the precedent it sets is in the State's favor.

Again, it is not "the province of a federal habeas court to reexamine state court determinations on state-law questions." See Estelle v. McGuire, 502 U.S. 62, 67 (1991). Rather, a federal habeas court is "limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." Id. The admission or exclusion of evidence at a state trial is typically a matter of state law and therefore it is not cognizable on federal habeas review unless it violates a specific constitutional provision or is so egregiously wrong as to violate due process. Id.; see Thomas v. Davis, 192 F.3d 445, 449, n.1 (4th Cir. 1999)(generally claims arising from state law are not cognizable on federal habeas review). Because this Court

9

does not find that the exclusion of the evidence at issue was so egregiously wrong so as to violate due process, this claim is not cognizable on federal habeas review.[3]

Moreover, to the extent Petitioner's exclusion of evidence claim is construed as a federal claim, it still must fail. Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Petitioner, however, does not identify, and this Court cannot find, any Supreme Court precedent that is contrary to the state court's ruling. Likewise, Petitioner does not assert, and this Court does not find, that the state court ruling was based on an unreasonable determination of facts, in light of the evidence presented in state court proceedings.

**B. Biological Father**

In his Motion for Appropriate Relief (MAR) Petitioner argued that his counsel was ineffective for failing to obtain documents to support the conclusion that charges against the victim's biological father based upon her accusation of sexual abuse were dropped. The state court summarily denied Petitioner's MAR stating "[t]he undersigned, having reviewed the Petitioner's Motion for Appropriate Relief, finds that it fails to state a claim upon which relief can be granted."

---

[3] The Court notes that Petitioner has failed to set forth any evidence that supports the conclusion that Petitioner's accusation of sexual abuse against Mr. Willie was false. The mere fact that charges were dropped and a conviction not obtained do not prove that the accusations were false.

As an initial matter, the Court notes that the claim raised by Petitioner in his MAR was raised in the context of ineffective assistance of counsel while the claim raised in his federal habeas petition was raised in the context of court error. It does not appear to the Court that Petitioner raised this claim of trial error in any of his state court proceedings. As such, this Court holds that Petitioner has failed to exhaust his claim. See Duncan v. Henry, 513 U.S. 364 (1995)(Petitioner must expressly raise the same federal constitutional claim in state court that he raises in federal court); Anderson v. Harless, 459 U.S. 4 (1982)(presentation of similar claim not sufficient).

If Petitioner were to return to state court and attempt to raise this claim, it would be considered procedurally barred pursuant to North Carolina's mandatory post-conviction procedural bar statute. See N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3) and (b). The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

Moreover, even if Petitioner's claim is not procedurally defaulted, it would still fail. The MAR court's summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc). And for the reasons set forth above, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

## IV. DENIAL OF MOTION TO CONTINUE

Petitioner asserts that the trial court violated his constitutional due process rights when it erred in denying his motion to continue. To support his assertion that his motion to continue should have been granted, Petitioner asserts that for five years the state possessed discovery favorable to Petitioner and yet it did not disclose this evidence until the day before trial.

Petitioner raised this claim on direct appeal where it was denied by the North Carolina Court of Appeals. In denying this claim on appeal, the state court held that:

> Next, defendant argues that the trial court erred in denying his motion for a continuance. It seems to be defendant's contention that because there were almost four years between the time the victim accused him of having molested her and the time he was indicted, the State had an unfair advantage. He also argues prosecutorial misconduct in its taking so long to calendar the case, as well as in its untimely production of properly discoverable evidence. However, again, we are unpersuaded.
>
> . . . .
>
> The record reflects that defendant was appointed counsel on 13 January 1998, indicted on 26 January 1998, and arraigned on 17 March 1998. However, in his motion for continuance, defendant did not allege any constitutional grounds for why the continuance should be granted, except to say: "[t]hat in order to provide defendant effective assistance of counsel at trial, counsel for the defendant needs additional time to investigate, locate, and subpoena witnesses." In support of his motion, defendant orally argued to the trial court that he needed time: (1) to investigate the story that the victim's Aunt Janice had put the victim up to lying about defendant abusing her, (2) to locate the victim's brothers who were by then in foster care, and (3) to prepare a defense for defendant's possible transmission of herpes to the victim.
>
> We first note that because defendant's assignment of error is that his motion for continuance (for more time) was erroneously denied, we find his argument that it took too long to calendar his case (nine months) to be at odds with this position. Additionally, defendant cites no authority to support his allegations. Thus, we

choose not to address his argument of prosecutorial misconduct.

Secondly, we note that defendant did not support his motion with an affidavit as required. Pickard, 107 N.C. App. at 101, 418 S.E.2d at 693. Nevertheless, we find defendant is defeated by his own argument. Defendant admitted before the trial court

> we're not asking for a great deal of time, Your Honor. We're just asking for some time because I think due process requires not only that they give this material to us . . . But that we're allowed a proper amount of time to at least investigate it. If it goes nowhere, it goes nowhere.

(Emphasis added). By his own statement, defendant's attorney acknowledges that he had no belief or expectation as to whether material evidence would come to light as the result of his continuance being granted. Thus, defendant's motion afforded him "no sufficient basis for delaying a trial." State v. Pollock, 56 N.C. App. 692, 694, 289 S.E. 2d 588, 589.

Furthermore, even if we agreed with defendant that the trial court erred in denying him a continuance, defendant has still failed to show how that error prejudiced him. In his brief before this Court, defendant argues that he needed more time to investigate and interview witnesses. However, in the nine months between being appointed in January 1998 and trial in September 1998, defendant took no measures to find the victim's siblings - even though the children were known to have been placed in foster care back in 1994 shortly after the victim's allegations surfaced. Defendant never attempted to subpoena Aunt Janice or her boyfriend (who defendant alleged to be involved in plotting against him) for trial in an effort to impeach the victim's testimony. Furthermore, Vaughn's report, of which by the time of trial she remembered nothing, was still admitted into evidence - although prior to trial, defendant was unsure as to how he would get that "extremely exculpatory" evidence before the jury. In denying the motion, the trial court stated:

> [R]egarding information . . . furnished to the defendant during the last week, that is, the week prior to the scheduled trial of this case, and . . . within a three working days before the trial was commenced to begin . . . .
>
> Based upon my review of the same, it is my conclusion that

13

> denial of this motion will not result in the defendant's deprival of the effective assistance of counsel at trial, it appearing that most if not all of the witnesses sought to be interviewed were persons who [sic] identities previously were known to the defendant and his counsel; that there's no guarantee that the witnesses will be interviewed during any additional time for which the case was continued.
>
> Therefore, in the exercise of discretion and in the interest of justice the motion to continue is denied.
>
> We believe this is the response of a reasoned decision. Finding no abuse of discretion in the trial court's judgment, we therefore, hold that the trial court did not err in denying defendant's motion for a continuance.

Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In Morris v. Slappy, 461 U.S. 1 (1983), the Supreme Court held that "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of justifiable request for delay' violates the right to assistance of counsel." Id at 11-12 (citing Ungar v. Sarafite, 376 U.S. 575 (1964)).[4]

---

[4] Petitioner does not appear to raise a Brady claim in his federal habeas petition but he does cite to this case in his response. Although this Court does not believe that Petitioner has properly alleged a Brady claim before this Court, even if he has it must fail. Petitioner admits that the evidence at issue was turned over to him the week before trial. Moreover, he was able to introduce the documents and cross-examine based upon the information received. Finally, the Court notes that Petitioner was aware of the identities of the alleged potential witnesses prior to the receipt of the evidence at issue. The North Carolina Court of Appeals denied Petitioner's Brady claim. The state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme

A review of the record reveals that the trial court's denial of a continuance was not an unreasoned and arbitrary decision. As such, this Court does not find that the state court's ruling was contrary to or involved an unreasonable application of, clearly established federal law as determined by Supreme Court precedent. Likewise, Petitioner does not assert, and this Court does not find, that the state court ruling was based on an unreasonable determination of facts, in light of the evidence presented in state court proceedings.

In addition, the Court notes that Petitioner has not established that he suffered any actual prejudice from the denial of his motion to continue. That is, Petitioner has not proven that any evidence existed which would have justified a continuance or which would have substantially impacted the jury's verdict. See Brecht v. Abrahamson, 507 U.S. 619 (1993)(harmless error standard on federal habeas review requires trial error to have "substantial and injurious effect or influence in determining the jury's verdict" to warrant relief).

## V. DENIAL OF MOTION TO DISMISS

Petitioner also argues that his conviction was obtained in violation of due process of law because the trial court erred in denying Petitioner's motion to dismiss because there was no physical evidence of the crimes.

Petitioner raised this claim on direct appeal where it was denied by the North Carolina Court of Appeals. In denying this claim on appeal, the state court held that:

> In the case at bar, the State presented evidence in the form of testimony that defendant sexually abused the victim, that he had engaged in sexual intercourse and anal intercourse with her, that he had required her to perform masturbation on him, and that the

---

Court. See Brady v. Maryland, 373 U.S. 83 (1963). Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

> defendant had performed cunnilingus on her. Furthermore, the
> State produced lay and expert witnesses whose testimonies
> corroborated that of the victim's, that she was "probably sexually
> abused" because she fit the profile or "scale." Finally, the victim's
> brother also testified that he once saw the defendant lying on top of
> April on the bed and defendant was "[b]ouncing up and down" on
> top of the victim. Taken in the light most favorable to the State,
> we find the evidence is substantial enough to withstand defendant's
> motion to dismiss and allow the case to go to the jury. Therefore,
> we hold that the trial court properly denied defendant's motion.

Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Respondent, citing to <u>Jackson v, Virginia</u>, 443 U.S. 307 (1979), argues that the state court ruling is in accord with Supreme Court precedent. In <u>Jackson</u>, the Supreme Court held that when reviewing a claim of insufficiency of the evidence, a court must consider whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Id.</u> at 324; <u>see also</u> <u>Wright v. West</u>, 505 U.S. 277 (1992)(same). In the instant case, as noted by the North Carolina Court of Appeals, ample evidence existed to support a finding of all the essential elements beyond a reasonable doubt. After reviewing all the evidence in the light most favorable to the prosecution, this Court does not find that the state court decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

Likewise, Petitioner does not assert and this Court does not find that the state court ruling was based on an unreasonable determination of facts, in light of the evidence presented in state

16

court proceedings.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**; and

2. Petitioner's Petition Under 28 U.S.C. § 2254 is **DISMISSED**.

**Signed: September 13, 2005**

Graham C. Mullen
Chief United States District Judge